ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, California 90071
Tel: (213) 489-1600; Fax: (213) 489-1611

Attorneys for Plaintiff
LUIS ESCALANTE, on behalf of himself and
all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ESCALANTE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE, dba BLUE SHIELD OF CALIFORNIA,<br><br>Defendant. | CASE NO. 2:14-CV-3021 DDP-PJWx<br>Assigned to Hon. Dean D. Pregerson<br>Related Case: 2:15-cv-07313-DDP(PJWx)<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: April 10, 2017<br>Time: 10:00 a.m.<br>Location: Courtroom 9C<br><br>[Filed concurrently with Declaration of Robert S. Gianelli] |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 10, 2017 at 10:00 a.m. in Courtroom 9C of the above-entitled court, located at 350 West 1st Street, Los Angeles, California, Plaintiff will move the Court for an order preliminarily approving the proposed class action settlement, attached as Exhibit 1 to the Declaration of Robert

S. Gianelli, submitted herewith, approving issuance of notice to the class, and setting a hearing for final approval of the settlement.

This motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Robert S. Gianelli, and the attached settlement agreement and exhibits thereto, the Court's files and records in this action, and upon such other matters as may be presented at the hearing.

DATED: March 10, 2017 GIANELLI & MORRIS

By: /s/ Joshua S. Davis
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After almost three years of litigation, two mediations, and two months before the scheduled trial in this matter, Plaintiff Luis Escalante ("Escalante") and defendant Blue Shield of California ("Blue Shield") agreed to settle this case on the terms set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Robert S. Gianelli ("Gianelli Decl."), filed herewith.

Escalante respectfully requests the Court to preliminarily approve the proposed settlement which provides the very relief requested in the Complaint on behalf of this certified class. Blue Shield will: 1) revise and implement its Medical Policy regarding artificial disc replacement surgery ("lumbar ADR") so that it no longer excludes the surgery as "investigational" and covers it when appropriate eligibility criteria are met; 2) allow Blue Shield members whose requests for lumbar ADR surgery were previously denied to have those requests re-reviewed under the revised Medical Policy; and 3) review future requests for lumbar ADR under the revised Medical Policy. (Dkt., ¶ 33.)

At the preliminary approval stage, the Court makes only a preliminary determination of the settlement's fairness, reasonableness, and adequacy so that notice of the settlement may be given to the class and a fairness hearing may be scheduled to make a final determination about the settlement's fairness. *Newberg on Class Actions*, § 13:12 (5th ed. 2016); *Manual for Complex Litigation* (4th ed. 2004) § 21.632. In so doing, the Court simply reviews the settlement to determine that it is not collusive and, taken as a whole, is fair, reasonable, and adequate to all concerned. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

The proposed Settlement easily meets this standard. It is the product of extensive, arm's-length negotiations between the parties, was assisted by an experienced, well-respected mediator, and will fairly resolve this case. Indeed, the

settlement achieves the relief sought in the Complaint so a victory at trial for the class would provide no additional benefit.

Plaintiff therefore respectfully requests that the Court enter the [Proposed] Order Granting Motion for Preliminary Approval of Class Action Settlement, direct issuance of Notice of Proposed Settlement of Class Action and Final Approval Hearing to the Identified Class Members, and set a Final Approval Hearing to consider whether to grant final approval of the Settlement, and the motion by Plaintiff and class counsel for an award of attorneys fees and expenses and an incentive award for the class representative.

## II. SUMMARY OF THE LITIGATION

### A. Litigation in the case before the settlement.

On April 18, 2014 Escalante filed this ERISA case on behalf of himself and all others similarly situated seeking declaratory and injunctive relief on behalf of the class pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3) and an individual claim for benefits under 29 U.S.C. § 1132(a)(1)(B). (Dkt. 1.)

The Complaint alleges that: Blue Shield categorically denies all requests for lumbar ADR on the basis that the procedure is "investigational" and does so under its internal guideline, a written Medical Policy regarding lumbar ADR (Dkt. 1, ¶¶ 13-14); Blue Shield denied Escalante's request for lumbar ADR on this basis (*id.*, ¶¶ 16-20.); and, contrary to Blue Shield's position, lumbar ADR is safe and effective when performed with a device approved by the United States Food and Drug Administration ("FDA"). (*Id.*, ¶¶ 8-12.)

The class relief requested in the complaint is for a clarification of rights that lumbar ADR is not "investigational" (is generally accepted as safe and effective) and an order requiring that Blue Shield: 1) retract its categorical "investigational" denial basis of lumbar ADR surgery; (2) provide notice of said determination in the form and manner required by ERISA to all members who have had requests for lumbar ADR surgery denied; and (3) provide for the re-review of all improperly

denied claims. (Dkt. 1, ¶¶ 22, 33.)

After the parties completed their initial disclosures, Escalante requested further documents from Blue Shield and also propounded requests for admissions and interrogatories. After reviewing this information, class counsel took depositions of Blue Shield personnel as well as the personnel of the Blue Cross Blue Shield Association in Chicago, Illinois. (Gianelli Decl., ¶ 12.)

On April 20, 2015 Escalante filed his motion for class certification seeking to certify the following class under Rules 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure:

> All persons covered under private employer plans with Blue Shield of California who at any time from April 18, 2010 were advised or learned, or will be advised or learn in the future, that Blue Shield deems lumbar artificial disc replacement (ADR) surgery for their back conditions "investigational" and excluded from coverage.

(Dkt. 31 at 8.)

The motion demonstrated that Blue Shield categorically denied coverage for lumbar ADR on the basis it is "investigational" and did so pursuant to its Medial Policy regarding lumbar ADR. Escalante also showed that his request for lumbar ADR was denied in the same manner Blue Shield denied other members' claims for the surgery. In opposition, Blue Shield argued that the class is not numerous, no common question exists, and that Escalante would not be a typical and adequate class representative. (Dkt. 40.) After taking the matter under submission, the Court granted the motion. *Escalante v. Blue Shield of California*, 309 F.R.D. 612 (C.D. Cal. 2015).

On December 18, 2015 Escalante moved for partial summary judgment asserting that Blue Shield's definition of "investigational" did not extend to FDA-approved Class III medical devices like the ProDisc-L artificial disc. (Dkt. 61.) The Court denied the motion but remarked that "[t]his is not to say that, in this case, there is necessarily any difference between the FDA and generally accepted

professional medical standards regarding the safety and efficacy of ADR devices." (Dkt. 78 at 7.)

The parties filed expert reports in January of 2016 and took the depositions of the experts in March and April of 2016. (Gianelli Decl., ¶ 16.)

On March 18, 2016 Blue Shield filed a motion for summary judgment asserting that it acted reasonably under the ERISA abuse of discretion standard in determining that lumbar ADR was investigational and, alternatively, that abuse of discretion was the applicable standard of review. (Dkt. 80.) Escalante opposed the motion arguing that Blue Shield had failed to demonstrate that lumbar ADR was not recognized as safe and effective, that it acted unreasonably in doing so, and that the *de novo* standard of review applied. (Dkt. 86.) The Court granted the motion as to the standard of review but denied the motion on the merits. (Dkt. 100.) On August 26, 2016 Escalante filed a motion for reconsideration of the ruling on the standard of review. (Dkt. 101.) This motion has not been ruled on.

On December 2, 2016 Blue Shield filed a motion for decertification. (Dkt. No. 108.) This motion was continued with other pre-trial and trial dates following notification to the court of the proposed settlement. (Dkt. 119.)

**B. Mediation and negotiation of the settlement.**

The parties attended two mediations before an experienced and well-respected mediator, Mariam Zadeh of First Medication Corp. The first mediation occurred on October 11, 2016 and the second occurred on December 16, 2016. The mediations involved intense, arm's-length negotiations. (Gianelli Decl., ¶ 11.)

Prior to the first mediation, Class counsel conducted their own investigation and evaluation of the relevant law and facts necessary to assess the strengths and weaknesses of the case. Class counsel's evaluation was enabled by the extensive information obtained during discovery and through extensive consultation with experts and consultants. (Gianelli Decl., ¶¶ 11-16.)

The informed view of experienced class counsel is that the proposed

settlement is fair, reasonable, and adequate and easily meets the criteria for preliminary approval. (Gianelli Decl., ¶¶ 20-22.)

## III. THE PROPOSED SETTLEMENT

### A. Relief for class members.

The proposed settlement provides the following relief. First, as a settlement condition, Blue Shield's Medical Policy Committee has approved a revised Medical Policy covering lumbar ADR when medically necessary, that will take effect no later than April 10, 2017, that no longer deems lumbar ADR "investigational" and excluded from coverage. (Ex. 1 at ¶ 13.) Under the revised Medical Policy, Blue Shield will cover lumbar when appropriate medical criteria are satisfied. Those criteria include the use of an FDA-approved device for lumbar ADR and FDA labelling criteria. A copy of the revised medical policy is attached as Exhibit D to the Settlement Agreement. Escalante vetted the medical criteria listed in the revised Medical Policy with various surgeons who perform lumbar ADR. (Gianelli Decl., ¶ 9.)

Blue Shield members who previously had their requests for lumbar ADR denied and incurred expenses for the surgery can make claims for reimbursement under the revised Medical Policy and subject to the other terms of their plans. (Ex. 1 at ¶ 14.)

Further, Blue Shield members who have yet to undergo lumbar ADR can have their requests reviewed pursuant to the revised Medical Policy. (Ex. 1 at ¶ 15.)

### B. Released Claims.

The "Released Claims" are claims that "were or could have been pleaded against Blue Shield and its Related Parties in the Complaint based on the facts contained in the Complaint relating to the denial of requests for authorization or claims for reimbursement for lumbar ADR[.]" (Ex. 1 at ¶ 8(o).) Specifically

excluded from this release are: "(1) claims of Identified Class Members[1] arising under the revised Medical Policy . . . including but not limited to any claims arising from Blue Shield's determination on re-review . . . and (2) claims of persons in the Class who are not sent the Mailed Notice." (*Id.*) Thus, class members are free to contest any determination Blue Shield makes with regard to a claim for reimbursement or future request for lumbar ADR request under the revised Medical Policy.

**C. Notice.**

The Parties agree that no later than 10 days after entry of the Preliminary Approval Order, a Settlement Administrator will mail notice of the proposed Settlement to all Identified Class Members. (Ex. 1 at ¶ 20.)

**D. Attorneys fees.**

If the Court preliminarily approves the settlement, Class Counsel will move for an award of attorneys' fees and costs. Blue Shield has agreed to pay class counsel no more than $1,750,000 as an award for attorneys' fees and costs in prosecuting this case, subject to Court approval. (Ex. 1 at ¶¶ 16-17.) Escalante will also apply for an incentive award in the amount of $10,000 for his work as class representative in this case. (*Id.* at ¶ 16.)

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276

[1] Because Blue Shield's records cannot identify all persons in the Class (persons who may have learned of Blue Shield's position on lumbar ADR and did not make formal claims), the Release of Claims expressly excludes those class members who are never sent the Mailed Notice, and thus have no opportunity to opt out. The Settlement refers to persons in the Class who are sent the Mailed Notice and and do not request to be excluded as "Identified Class Members." (Ex. 1 at ¶ 8(c).)

(9th Cir. 1992). The settlement of a certified class action must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2).

Courts employ a two-step process in approving settlements under Rule 23(e). A settlement is preliminarily approved for the purpose of providing notice to class members and setting a final approval hearing date to make a final determination about the settlement's fairness. At the final approval hearing the court grants or denies final settlement approval after assessing the settlement's reasonableness and any objections raised. *Manual for Complex Litigation, supra,* § 21.632.

The preliminary approval step requires the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms . . . ." *Manual for Complex Litigation, supra,* § 21.632. At this preliminary-approval step, the Court must conduct a prima facie review of the relief provided by the settlement and the proposed notice to determine that notice should be sent to the Settlement class members. *Newberg on Class Actions*, § 13.13 (5th ed. 2016) ("Bearing in mind that the primary goal at the preliminary review stage is to ascertain whether notice of the proposed settlement should be sent to the class, courts sometimes define the preliminary approval standard as determining whether there is 'probable cause' to submit the [settlement] to the class members and [to] hold a full-scale hearing as to its fairness.")

Preliminary approval of a settlement should be granted if the proposed settlement falls within the range of what could be found "fair, adequate and reasonable" so that notice may be given to the proposed class and a hearing for final approval can be scheduled. *Officers for Justice*, *supra*, 688 F.2d at 625. The Court's review is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

adequate to all concerned." " *Id.* at 625; *accord Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1027 (9th Cir. 1998). This is a minimal threshold[2]:

> Preliminary approval of a settlement and notice to the proposed class is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." *In re Tableware Antitrust* Litig., 484 F.Supp.2d 1078, 1079 (N.D.Cal.2007) (citation omitted).

*Otey v. CrowdFlower, Inc*., 2014 WL 1477630, *10 (N.D. Cal. 2014).

Here, the proposed settlement satisfies the standard for preliminary approval, as there is no question that it was negotiated in good faith and presents a fair, reasonable, and adequate resolution of this certified class.

### A. The settlement is the product of good faith, informed, arm's-length negotiations between experienced counsel.

Escalante and the Class are represented by counsel who have extensive experience in the litigation of insurance class actions and have successfully prosecuted other class actions over policyholders' rights to health benefits. (Gianelli Decl., ¶ 3.) Blue Shield is represented by the law firm of Manatt, Phelps, & Phillips, LLP, a firm that has expertise in health care matters and that regularly represents Blue Shield and other health plans.

This case was settled two months before the scheduled trial and after the facts and issues relating to lumbar ADR as a safe and effective treatment for degenerative disc disease were fully developed. Class Counsel engaged in extensive discovery

---

[2] In a case that is yet to be certified, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.,* 697 F.3d 858, 864 (9th Cir.2012) (citation and internal quotation marks omitted). Here, the Court previously certified the class that is the subject of the settlement following a contested class certification proceeding. *Escalante*, *supra*, 309 F.R.D. at 617-621.

regarding Blue Shield's bases for refusing to cover lumbar ADR, engaged in extensive investigation and research regarding the safety and effectiveness of lumbar ADR, and retained and extensively worked with renowned experts on lumbar ADR, the body of medical literature addressing it, and the FDA approval process. (Gianelli Decl., ¶¶ 12-16.) Class Counsel also extensively prepared for and took the depositions of Blue Shield's experts and prepared for and defended the depositions of Escalante's experts. (Gianelli Decl., ¶¶ 16, 19.) No stone was left unturned in examining the strengths and weaknesses of the case.

Following this work, the parties attended two mediations, the first on October 11, 2016 and the second on December 16, 2016, before an experienced mediator. (Gianelli Decl., ¶ 11.) The negotiations are intense and at arms'-length and resulted in a settlement that provides the class with the relief requested in the Complaint. The settlement actually goes beyond the relief sought because the revised Medical Policy that no longer treats lumbar ADR as "investigational" will apply to all members covered by Blue Shield under ERISA and non-ERISA contracts as well as ERISA and non-ERISA contracts issued by Blue Shield's subsidiary, Blue Shield of California Life & Health Insurance Company. (Id., ¶ 21.)

Accordingly, the settlement reached in this matter represents the end-result of an adversarial process where the interests of the class were vigorously and fully represented by Class Counsel.

### B. The settlement obtains the relief sought by the class demonstrating beyond question that the settlement is within the range of reasonableness.

This case was brought because Blue Shield denied all requests for lumbar ADR as "investigational." Escalante was denied the lumbar ADR for this reason. This case sought to reverse Blue Shield's position by showing that lumbar ADR is generally accepted as being safe and effective for the treatment of degenerative disc

disease when performed with an FDA-approved devise and in conformity with FDA criteria. (Dkt. 1, ¶¶ 8-14.) In connection therewith, Escalante and Class Counsel sought an injunction requiring Blue Shield to: 1) retract its categorical denial of lumbar ADR and cover lumbar ADR under appropriate eligibility criteria; 2) provide notice to members who have had requests for lumbar ADR surgery denied; and 3) re-review the denied claims under the proper standard. (*Id.*, ¶ 33.)

The proposed settlement provides the relief requested. As a settlement condition, Blue Shield will adopt a revised Medical Policy that now covers lumbar ADR, will re-review prior denied requests for lumbar, and will process future requests for lumbar ADR under the revised Medical Policy.

**C. No preferential treatment for the class representative.**

As part of the settlement, Escalante receives the same benefit as other class members. His request for reimbursement of expenses incurred for lumbar ADR will be submitted to Blue Shield for reimbursement under the revised Medical Policy that will now cover lumbar ADR under appropriate eligibility criteria.

The proposed settlement also provides that Escalante will receive an incentive award of $10,000. (Ex. 1 at ¶ 16.) This is a reasonable amount given Escalante's efforts in pursuing the obtained relief for the class.

**D. The views of experienced counsel.**

Class Counsel are experienced in cases of this nature having certified and tried cases against health plans over their refusals to provide benefits. *Gallimore v. Kaiser Foundation Health Plan, Inc.*, Alameda Superior Court, Case No. RG12616206 (judgment for class against California's largest health plan over systematic denial of reconstructive surgery benefits); *Arce v. Kaiser Foundation Health Plan, Inc.*, Los Angeles Superior Court, Case No. BC388689 (recovery of benefits from health plan for class of autistic children); *Ticconi v. Blue Shield Life & Health Ins. Co.*, Los Angeles Superior Court, Case No. BC330989 (reversal of health insurer's practice of rescinding policies). (Gianelli Decl., ¶ 3.)

It is the view of class counsel that the settlement is reasonable, fair, and adequate. (Gianelli Decl., ¶¶ 20-22.) The Settlement should be preliminarily approved.

## V. PROPOSED SCHEDULE

Based on the foregoing, Escalante respectfully requests that the Court set the following schedule for the dissemination of the class notice and the setting of the final approval hearing in this case.

| Event Date | Event |
|---|---|
| April 13, 2017 | Blue Shield provides mailing data for Class Members to the Settlement Administrator |
| April 20, 2017 | Plaintiff and Class Counsel file a motion for an award of attorneys fees and costs and class representative incentive award |
| April 20, 2017 | The Settlement Administrator mails the notice of the proposed Settlement |
| May 9, 2017 | Deadline for postmarking of exclusions, objections, and requests to be heard at the Final Approval Hearing |
| May 24, 2017 | Plaintiff to file notice specifying those who have objected or requested exclusion, together with a declaration of the Settlement Administrator |
| June 2, 2017 | Plaintiff to file a motion for final approval |
| June 19, 2017 | Final Approval Hearing |

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court preliminarily approve the proposed settlement, direct that notice be sent to Identified Class Members, and set a Final Approval Hearing.

DATED: March 10, 2017 GIANELLI & MORRIS

By: /s/ Joshua S. Davis
ROBERT S. GIANELLI
JOSHUA S. DAVIS
ADRIAN J. BARRIO
Attorneys for Plaintiff